IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PENNY NEWSOME, | : | |
| Plaintiff, | : | |
| v. | : | 7:08-CV-8 (HL) |
| TODD A. HIGHAM, SHERIFF CHARLES NICK NORTON, and LANIER COUNTY SHERIFF'S DEPARTMENT, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Motion to Dismiss Lanier County Sheriff's Department (Doc. 11). For the reasons detailed below, the Motion is granted.

The capacity to be sued is determined by the law of the state in which the district court sits. See Fed.R.Civ.P. 17(b). Georgia recognizes only three types of legal entities: (1) natural persons; (2) artificial persons (corporations); and (3) such quasi-artificial persons as the law recognizes as being capable to sue. Ga. Ins. Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988). There is no authority that suggests that the Lanier County Sheriff's Department is subject to suit; on the contrary, it appears sheriff's departments are not subject to suit under Georgia law. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's and police departments are not usually considered legal entities subject to suit.");

Lovelace v. Dekalb Cent. Probation, 144 Fed. Appx. 793 (11th Cir. 2005) (holding that under Georgia law, county police department was not a legal entity subject to suit); Wade v. Fulton County Sheriff's Dep't, 2008 WL 533877, *1 n.1 (N.D. Ga. 2008) (dismissing sua sponte Fulton County Sheriff's Department as a legal entity not capable of being sued).  Plaintiff presents no argument to the contrary.

Defendant Lanier County Sheriff's Department is therefore dismissed.

**SO ORDERED**, this the 21st day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch