# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **PENNY NEWSOME,**<br><br>    Plaintiff,<br><br>v.<br><br>**TODD A. HIGHAM, and SHERIFF CHARLES NICK NORTON,**<br><br>    Defendants. | CASE NO. 7:08-CV-8 (HL) |

## ORDER

This civil rights case was filed on January 14, 2008. Plaintiff settled her case with Defendant Charles Nick Norton, and Defendant Norton was dismissed as a party defendant by order of the Court on July 12, 2010. On March 19, 2008, the Clerk of Court filed an entry of default against Defendant Higham. No other action has been taken by Plaintiff with regard to Defendant Higham since the entry of default.

In its July 12, 2010 order, the Court directed Plaintiff to take the necessary steps by August 31, 2010 to conclude her case against Defendant Higham. Plaintiff was instructed to inform the Court in writing if she could not meet that deadline for some reason.

Counsel for Plaintiff has informed the Court that Plaintiff has moved and relocated without leaving counsel a new address. Counsel has attempted to contact Plaintiff by telephone and in writing, both to no avail. Counsel has also conducted a search for Plaintiff, but has not located her. In light of counsel's inability to find

Plaintiff, the case against Defendant Higham will not be completed by August 31, 2010.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

The Court finds that there has been delay on the part of Plaintiff with regard to her case against Defendant Higham. Plaintiff has had more than adequate time to pursue her claim or a default judgment against Defendant Higham but she has failed to do so. The Court finds that lesser sanctions than dismissal will not suffice, especially in light of Plaintiff's recent failure to maintain contact with her counsel.

This case is dismissed. The Clerk of Court is instructed to close this file.

**SO ORDERED**, this the 26th day of August, 2010.

                                          *s/ Hugh Lawson*
                                          **HUGH LAWSON, SENIOR JUDGE**

mbh